THE COLONIAL TRUST COMPANY, TRUSTEE (ESTATE OF HARRIS WHITTEMORE) *vs.* JUSTINE BROCKWAY WHITTEMORE ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

554

 

Argued October 6th—decided November 8th, 1933.

*Terrence F. Carmody* and *Maurice T. Healey, Jr.,* for the plaintiff and defendant The Colonial Trust Company, administrator.

*William W. Gager,* for other defendants.

MALTBIE, C. J. This is an amicable proceeding brought by the plaintiff as trustee under the will of Harris Whittemore seeking our advice as to its construction. The testator died November 29th, 1927, leaving a will dated July 27th, 1926. In the first six paragraphs of it he made various bequests of money and personal property. In the seventh he devised his two residences to his wife for her life, and at her death to the children then living and the children then living of any deceased child, and also made certain bequests of personal property in the residences. In the eighth paragraph he devised and bequeathed one half of the remainder of his estate to the plaintiff, to hold in trust for his wife for her life and upon her death to become a part of his "residuary estate next hereinafter disposed of." In the ninth paragraph he made the following provisions: He directed the plaintiff to divide all the rest, residue and remainder of his estate into as many equal parts "as I shall leave children surviving me, and children who shall have died before me leaving issue surviving me, and to set aside one of such parts

for each of my surviving children, and one of such parts for the surviving issue of each of my children who shall have died before me." The "part set aside for each child surviving me" he gave to the plaintiff in trust to apply the income for the use "of such child" until he reached the age of thirty, when one half of the principal was to be paid him or her, the other one half being paid when he or she reached the age of thirty-five; if any child died before reaching the age of thirty-five, the plaintiff was directed to pay over and transfer the whole or one half of the principal held by it under the trust "to the then surviving issue of such child, or, if there be none, then to my remaining children then living and the issue then living of any deceased child. . . . The part set aside for the issue of each child who shall have died before me" he gave to such issue to be equally divided among them.

The testator left surviving him his wife; a son Harris Whittemore, Jr., his wife and three children; a daughter Helen Whittemore Adams, her husband and three minor children; and a daughter Gertrude Spencer Whittemore Upson, her husband and one minor child. Since his death two children have been born to Mrs. Upson. Mrs. Adams died December 30th, 1932, being then a little over thirty-five years old, but all the others mentioned are still living. Mrs. Adams died intestate and the plaintiff is administrator upon her estate. We are asked in a series of questions to determine when and in whom the remainder interest in the property given in the eighth paragraph of the will vested. More specifically, the question is whether, at her death, Mrs. Adams had a vested interest in that remainder which became a part of her estate.

Very clearly the mind of the testator in making the provisions in the ninth paragraph was fixed upon his own death as the time when those who were to receive

the residue of his estate therein bequeathed were to be determined. He repeatedly refers to children "surviving me," to the issue of deceased children "surviving me," and to children who died "before me." These references, and indeed all the provisions of the ninth paragraph, were adapted to the disposition of the one half of the residue of which his wife did not have the life use. The testator clearly intended that the children who were to receive the use of this portion of the estate should begin to enjoy it immediately upon his death, and that, if any of his children had died before him, the part set out for his or her issue should be immediately divided among them; else this portion of the residue would be held in abeyance, with the disposition of income earned in no way provided for, until the death of his wife. As regards the portion of the estate given in the ninth paragraph, the words there used must be given their natural significance as vesting the interest created at the death of the testator.

Such difficulty as there is in determining the testator's intent arises out of the provision in the eighth paragraph that upon the death of his wife the portion of the estate of which she had the life use was devised and bequeathed "as a part of my residuary estate next hereinafter disposed of." It is significant that there is nothing in this provision to indicate in any way that the testator intended to create any different interests in the remainder under the eighth paragraph than in the property given in the ninth. Indeed, the terms used indicate a contrary intent. That intent evidently was that when the testator's wife should die, if she survived him, the property of which she had the life use should merge with that disposed of in the ninth paragraph, that it should be an increment to the interests thereby created, but with the enjoyment of it necessarily postponed until her death.

It is true that all the provisions of the ninth paragraph cannot literally be applied in the disposition of that remainder interest. Thus it would not be possible for the children of the testator who survived him to enjoy the income from the remainder interest during the life of his wife, nor could the issue of a child who died before him immediately enjoy any part of that interest, nor in the event that one of the children surviving the testator died before reaching the age of thirty-five could his issue enjoy immediately any share in the remainder; nor is there any provision for the division of the portion of the residue of which the wife had the life use into separate parts as is required of the property given in the ninth paragraph. But there is nothing to prevent the remainder interest created in the eighth paragraph vesting in those entitled to it under the provisions of the ninth paragraph as owners in common, its actual distribution being made after the death of the testator's wife. Such a disposition of the property will best carry out the intent of the testator as he has expressed it in the will. None of the testator's children predeceased him, and Mrs. Adams had reached the age of thirty-five years before she died, so that the particular situation before us is much simplified. Each of the testator's children took a one-third interest in the remainder created in the eighth paragraph which vested at the death of the testator, and upon Mrs. Adams' death, her share in that remainder became a part of her estate.

An answer to the questions propounded sufficient for all present purposes is that at the death of the testator the remainder interest in the property in which under the eighth paragraph of the will his wife had a life use vested in his children living at his death as owners in common, and specifically the right to a one-third share in it vested in Helen Whittemore Adams

at that time and became a part of her estate upon her death.

No costs will be taxed to either party in this action.

In this opinion the other judges concurred.